FILED
AUG 23 2011
CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY                              DEPUTY

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMRON INTERNATIONAL DIVING SUPPLY, INC., a California corporation,<br><br>Plaintiff,<br><br>vs.<br><br>HYDROLINX DIVING COMMUNICATION, INC., a California corporation; SAAD SADIE, a.k.a. TODD SADIE, a.k.a. JOHN SADIE, a.k.a. DALEA ESTEPHAN, a.k.a. STEVEN MORALES, a.k.a. STEPHAN MORALES, a.k.a. FRANK JASHUA, an individual,<br><br>Defendants. | CASE NO. 11-CV-1890 H (JMA)<br><br>**(1) SCHEDULING ORDER REGARDING TEMPORARY RESTRAINING ORDER**<br><br>**(2) ORDER PRESERVING EVIDENCE**<br><br>**(3) ORDER DENYING EX PARTE MOTION TO FILE COMPLAINT UNDER SEAL** |

On August 22, 2011, Plaintiff Amron International Diving Supply, Inc. ("Amron") filed an ex parte motion for leave to file his complaint under seal. Concurrently, Plaintiff filed an ex parte motion for a temporary restraining order.

The Court declines to rule on the motion for a temporary restraining order on an ex parte basis. Accordingly, the Court orders Plaintiff to serve and file proof of service of its

- 1 -

11cv1890

motion for a temporary restraining order and all supporting documents and a copy of this order on Defendants on or before **August 26, 2011**. Defendants are directed to file any opposition to the motion for a temporary restraining order on or before **August 30, 2011**. The Court sets a motion hearing for **August 31, 2011** at **1:30 p.m.** The Court further orders, effective immediately, the parties to preserve evidence.

In addition, Plaintiff requests the Court to seal the complaint pending the resolution of the ex parte motion for a temporary restraining order. Courts recognize a "general right to inspect and copy public records and documents, including judicial records and documents." Nixon v. Warner Commc'ns, Inc., 435 U.S. 589, 597 & n.7 (1978). "This right is justified by the interest of citizens in keeping a watchful eye on the workings of public agencies." Kamakana v. City and County of Honolulu, 447 F.3d 1172, 1178 (9th Cir. 2006) (quotation marks and citation omitted). The Ninth Circuit employs "a strong presumption in favor of access to court records." Foltz v. State Farm Mut. Auto. Ins. Co., 331 F.3d 1122, 1135 (9th Cir. 2003). Because the Court declines to rule on the motion for temporary restraining order on an ex parte basis, Plaintiff fails to show that any alternative good cause exists to file the entire civil complaint under seal. See Phillips v. General Motors Corp., 307 F.3d 1206, 1210 (9th Cir. 2002) Accordingly, the Court denies Plaintiff's motion for leave to file his complaint under seal and directs the Clerk to open the case.

**IT IS SO ORDERED.**

DATED: 8/23/11

MARILYN L. HUFF, District Judge
UNITED STATES DISTRICT COURT