# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMRON INTERNATIONAL DIVING SUPPLY, INC., a California corporation,<br><br>Plaintiff,<br><br>vs.<br><br>HYDROLINX DIVING COMMUNICATION, INC., a California corporation; SAAD SADIE, a.k.a. TODD SADIE, a.k.a. JOHN SADIE, a.k.a. DALEA ESTEPHAN, a.k.a. STEVEN MORALES, a.k.a. STEPHAN MORALES, a.k.a. FRANK JASHUA, an individual,<br><br>Defendants. | CASE NO. 11-CV-1890 H (JMA)<br><br>**TEMPORARY RESTRAINING ORDER** |

The Court, having considered Plaintiff Amron International Diving Supply, Inc.'s ("Amron") Motion for Temporary Restraining Order (Doc. No. 5), Defendants' Opposition (Doc. No. 9), all evidence and arguments submitted by the parties, and all arguments presented by the parties at the hearing held by the Court on August 31, 2011, hereby makes the following findings of law and fact and ORDERS as follows:

1. Amron has made a prima facie showing that serious questions are raised about

1 | Defendant exceeding authorized computer access in violation of the Computer Fraud and Abuse Act;

2. The Computer Fraud and Abuse Act is violated by whoever "intentionally accesses a computer without authorization or exceeds authorized access, and thereby obtains . . . information from any protected computer." 18 U.S.C. § 1030(a)(2)(C). Any person who is damaged may bring a civil cause of action if the "loss to 1 or more persons during any 1-year period . . . aggregating at least $5,000 in value." 18 U.S.C. § 1030(g); 18 U.S.C. § 1030(c)(4)(i)(I);

3. The term "protected computer" means a computer "which is used in or affecting interstate or foreign commerce or communication." 18 U.S.C. § 1030(e)(2)(B). "As both the means to engage in commerce and the method by which transactions occur, the Internet is an instrumentality and channel of interstate commerce." United States v. Sutcliffe, 505 F.3d 944, 953 (9th Cir. 2007). Amron has submitted evidence that Amron computers, which Defendant Saad Sadik ("Sadik") intentionally accessed, were connected to the Internet;

4. "[A]n employee 'exceeds authorized access' under § 1030 when he or she violates the employer's computer access restrictions - including use restrictions." United States v. David Nosal, 642 F.3d 781, 785 (9th Cir. 2011). Amron has submitted evidence that Sadik was assigned a unique user name and password for his workstation computer. Amron has also submitted evidence that Sadik signed multiple agreements setting forth in detail the confidential nature of the information on Amron's computer system, and Amron's computer use policy, entitled "Office Equipment & IT Policies" within the Amron Employee Handbook. The "Office Equipment & IT Policies" section states, *inter alia*,

> All electronic files; records, and communication, software, databases, hardware, electronic storage media, digital files and telephone equipment remain the sole property of the Company and are to be used only for Company business purposes . . . Under no circumstances, is the employee to use the Company's Internet access to: Distribute or share unauthorized confidential information . . . No computers, peripherals, portables, cell phones or telephone equipment may be reassigned, moved, disposed of or changed without the knowledge and

    written approval of the MIS Group.  No piece of office equipment shall be altered, changed or improved upon without the explicit permission of the MIS Group.  This includes introduction of new software, deletion of existing software, and alteration of network or workstation configurations. . . .

5. Amron has submitted evidence that Sadik violated these provisions.  In particular, Amron has submitted evidence that Sadik copied more than 110,000 Amron files to personal hard drives and deleted Amron's only copies of more than 10,000 files.  The sheer number of files copied and deleted demonstrates that Sadik exceeded his authorized access under 18 U.S.C. § 1030;

6. Amron has submitted evidence that it has incurred loss or damage in excess of $5,000 in the last year;

7. The Court's decision to grant narrow relief is also based upon the Court's finding that the hardship to Defendants is minimal because the information obtained through this Temporary Restraining Order would, in any event, be subject to discovery in the ordinary course of litigation, Defendants will retain possession of their computers and storage devices, and all information will be treated as highly confidential Attorneys' Eyes Only as set forth below;

8. Amron has submitted evidence that it will suffer immediate and irreparable injury if this Temporary Restraining Order is not granted and evidence not preserved, including evidence that Amron's only copies of at least 10,000 files were deleted from Amron's computers and Amron's only opportunity to recover these files may be from Defendants.  Therefore, given the absence of significant hardship to Defendants, the balance of hardships tips sharply in Amron's favor;

9. This order serves, and is not contrary to, the public interest;

10. Amron has made a sufficient showing of all elements required to grant this Temporary Restraining Order.

## **TEMPORARY RESTRAINING ORDER**

IT IS THEREFORE ORDERED THAT Defendants and their affiliates, officers, directors, agents, members, shareholders, and employees, shall:


1. Identify all computers and computer media, including internal and external hard drives, CDs, DVDs, "flash drives," USB devices, tapes or any other electronic storage media used by or for Defendants or in the Defendants' possession, custody, or control, along with any on-line computer storage, including but not limited to "cloud" storage used by or assigned to Defendants (collectively, "Computer Media");

2. Transport all computers and Computer Media, as defined above, including but not limited to all computers and Computer Media from Sadik's personal residence, to Hydrolinx's place of business at 5933 Sea Lion Place, Suite 108, Carlsbad, CA 92008 so that the mirroring inspection can take place no later than September 7, 2011 or on such other earlier date as the parties mutually agree;

3. Allow Plaintiff's agents, including independent computer forensic experts, to enter the premises of 5933 Sea Lion Place, Suite 108, Carlsbad, CA 92008, by no later than September 7, 2011 to forensically mirror all computers and Computer Media;

4. Immediately make available for inspection and forensic mirroring by Plaintiff's agents, all computers and Computer Media;

5. Provide all passwords and processes necessary to obtain access to any operating system, database, server, software, file, storage location (including on-line or "cloud" storage) for any computer or Computer Media;

6. Provide a written declaration, under penalty of perjury, attesting that Defendants have accurately identified all computers and Computer Media and produced all computers and Computer Media in their possession, custody, or control and attesting that Defendants have not destroyed any computers or Computer Media and have not deleted any data within any computers or Computer Media in accordance with this Court's preservation order since being served with the instant action;

7. Give notice of this Order to all of their officers, directors, shareholders, employees, agents, and affiliates, whether located in the United States or abroad. So notified, such persons shall be bound by the terms of this Order as persons in concert or active participation with Defendants;

8. Defendants have agreed to cooperate and comply with the Court's order. If Defendants do not cooperate with the terms of this Order, the Court authorizes Amron to obtain the assistance of the United States Marshal Service, federal law enforcement officer, state police, local police, local sheriffs or deputy sheriffs, off-duty officers of the same, and persons acting under their supervision (collectively "Authorized Officers") in accordance with federal law, to execute this Order and the Authorized Officers are authorized to enter the premises of 5933 Sea Lion Place, Suite 108, Carlsbad, CA 92008, for the purpose of keeping the peace and allowing Plaintiff's computer forensics experts to forensically mirror all computers and/or Computer Media on the premises;

9. Both parties are ordered to preserve all evidence in accordance with the federal rules and this Court's order and each party is ordered to restrain from destroying, removing, concealing, spoliating, secreting, or altering any documents or information in any medium, including documents or information stored on any computer or Computer Media related in any way to this matter.

10. The forensic mirroring ordered herein may be documented by reasonable means, including by photograph, by Amron's counsel and/or representatives for the purpose of authenticating and assisting in the obtaining of evidence and to prevent any controversy regarding the activities and events occurring during said search and forensic mirroring.

11. The preserved information will be designated "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" subject to further order of the Court. Unless otherwise ordered by the Court or permitted in writing by Defendants, material designated "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" may be disclosed only to:

   (a) Amron's Outside Counsel of record in this action, as well as staff and employees of said Counsel to whom it is reasonably necessary to disclose the information for this litigation;

   (b) Non-Party Experts to whom disclosure is reasonably necessary for this litigation,

1  including Plaintiff's computer forensics experts, but only after said experts have
2  been provided a copy of this order or such other protective order entered by the
3  court;
4  (c) the Court and its personnel; and
5  (d) court reporters, their staffs, and Professional Vendors to whom disclosure is
6  reasonably necessary for this litigation.
7  12. Amron shall post a bond in the amount of $10,000 prior to execution of this order.
8  13. This Order shall expire on its own terms after the hearing scheduled for September 20,
9  2011, unless further extended by stipulation of the parties or order of this Court; and
10 14. For good cause shown and upon application to the Court, this Order may be extended
11 for a longer period to be determined by the Court.
12 **IT IS SO ORDERED**.
13 DATED: September 7, 2011

_____
MARILYN L. HUFF, District Judge
UNITED STATES DISTRICT COURT